IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JEFFERY S. JOHNSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-14-307-D |
| ) | |
| JOHN WHETSEL, et al., ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner being held at the Payne County Jail, brings this action seeking a writ of federal habeas corpus under 28 U.S.C § 2254. ECF No. 19. The matter has been referred to the undersigned for initial review, the entry of non-dispositive orders, and the preparation of findings and any recommendation as to dispositive matters. *See* 28 U.S.C. § 636(b)(1)(A) and (C).

### I. PROCEDURAL POSTURE

This action was initially filed as one alleging a violation of Petitioner's civil rights under 42 U.S.C. § 1983. However, Petitioner submitted an application to appear *in forma pauperis* on a form applicable to actions seeking a federal writ of habeas corpus. Because the undersigned could not address the *in forma pauperis* issue without knowing the nature of Petitioner's action, an order to clarify was entered on April 2, 2014. ECF No. 6. On April 17, 2014, Petitioner responded to the order to clarify by filing an application for a federal writ of habeas corpus under 28 U.S.C. § 2241. He also paid the $5.00 fee for habeas actions.

A review of his petition under 28 U.S.C. § 2241 raised several concerns. Petitioner's responses to the questions on the court's standard form for actions brought under § 2241 were confusing to say the least. Of greatest concern was Petitioner's apparent failure to make any effort to exhaust his available state court remedies with regard to the attack on the validity of his state convictions. 28 U.S.C. § 2254(b).

Accordingly, Petitioner was given another opportunity to present his claims. The Clerk of Court was directed to send Petitioner the Court's form petition for actions brought under § 2254 with the Order, ECF No. 15. The Petitioner was directed to fully complete the form, in particular the precise nature of his claim(s) and details as to any and all actions he has taken to present any issues attacking his state convictions in the courts. Petitioner was given until July 11, 2014 to submit a petition addressing these concerns. On July 22, 2014, Petitioner filed a petition for federal habeas relief under 28 U.S.C. § 2254, ECF No. 19.

## II. SCREENING REQUIREMENT

Pursuant to Rule 4, the Court is under an obligation to review habeas petitions promptly and to summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief...." Rule 4, Rules Governing 2254 Cases in the U.S. District Courts. Under this rule, the Court may dismiss a petition based on a failure to exhaust state court remedies if it is "clear from the face of [the] petition." *Allen v. Zavaras,* 568 F.3d 1197, 1202 (10th Cir.2009).

## III. PETITIONER'S ALLEGATIONS

Petitioner alleges he entered a guilty plea to "second subsequent marijauana [sic] 2 counts" and "molosting vehicle misdemeanor 1 count." ECF No. 19:1. Petitioner does not give the case number, but states that he received a one year sentence on February 21, 2014. ECF No. 19:1. In answer to the form petition's questions regarding appeals and other collateral attacks on his convictions, Petitioner indicates that none have been filed. He states at one point on the form petition that he did not appeal because "I wasn't given a chance to and this facility won't give access to law library plus their corrupt and keeping everything hidden from people as well." ECF No. 19:4. Petitioner states no grounds attacking his conviction. *See* ECF No. 19:5. However, he states that he did not file a direct appeal of "Ground One" because "we're told to keep our mouth shut not allowed to speak up for ourselves in this facility Have no reason to lie to you." ECF No. 19:5.

## III. ANALYSIS

Before a federal court may grant habeas relief, the petitioner must either exhaust his remedies in state court or demonstrate (1) the absence of available state corrective process, or (2) the existence of circumstances rendering the state process ineffective to protect the petitioner's rights. 28 U.S.C. § 2254(b)(1); *Rose v. Lundy,* 455 U.S. 509, 522 (1982); *see also O'Sullivan v. Boerckel,* 526 U.S. 838, 842 (1999) ("[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."). "The exhaustion

requirement is satisfied if the issues have been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Brown v. Shanks,* 185 F.3d 1122, 1124 (10<sup>th</sup>Cir. 1999) (internal quotation marks omitted); *see also* 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State ... if he has the right under the law of the State to raise, by any available procedure, the question presented."). Petitioner bears the burden of showing that his state court remedies have been exhausted. *See Hernandez v. Starbuck,* 69 F.3d 1089, 1092 (10th Cir. 1995).

Although very little is clear from the latest Petition, it is readily apparent that Petitioner has not exhausted his state court remedies. Therefore it "plainly appears" that Petitioner's habeas proceeding is premature as to these two grounds, as he concedes that he has not yet exhausted applicable state-court remedies as required under 28 U.S.C. § 2254(b)(1). *See also* 28 U.S.C. § 2254(c); *Brown,* 185 F.3d at 1124; *Lundy,* 455 U.S. at 518 ("[I]t would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation ...." (internal quotation marks omitted)).

Petitioner's excuses for failure to pursue his state court remedies, that he wasn't given a chance; the facility won't give access to a law library; that the facility where he is housed is corrupt and keep everything hidden; and that he is told to keep his mouth shut, ring hollow given the fact that he is apparently able to pursue a federal habeas corpus action in this Court.

Accordingly, the Petition should be dismissed without prejudice to re-filing following exhaustion of state-court remedies. In reaching this recommendation, the undersigned has considered *Rhines v. Weber,* 544 U.S. 269 (2005), in which the Supreme Court recognized that the interplay between the total exhaustion requirement—outlined in *Rose v. Lundy* and preserved in 28 U.S.C. § 2254(b)(1)—and the Antiterrorism and Effective Death Penalty Act's one-year statute of limitations could result in difficulty for federal habeas petitioners who bring petitions that are "mixed," i.e. containing both exhausted and unexhausted claims. *See Rhines,* 544 U.S. at 275; *Lundy,* 455 U.S. at 521–22 (holding that mixed habeas petitions may not be adjudicated by federal district courts); 28 U.S.C. § 2244(d)(1) (establishing a one-year period of limitation for a state prisoner's federal habeas claims). To address this potential limitations problem, the Supreme Court concluded that under certain specified conditions, a federal district court may grant a stay and hold the federal habeas case in abeyance while the petitioner exhausts state-court remedies. *See Rhines,* 544 U.S. at 277–78.

Here, however, Petitioner has not filed a mixed petition, but rather a petition containing entirely unexhausted claims. In fact, he fails to state any ground challenging his convictions. The Tenth Circuit has not yet decided in a published decision "whether the procedure in *Rhines* applies to totally unexhausted petitions." *See United States v. Hickman,* 191 F. App'x 756, 757 (10th Cir. 2006). In *Hickman,* the court ordered an entirely unexhausted § 2254 petition dismissed without prejudice rather than stayed,

5

noting that "[t]raditionally, when a petition contains entirely unexhausted state claims, the petition would be dismissed without prejudice." *Id.* "[S]tay and abeyance of totally unexhausted petitions increases the temptation to decide unexhausted claims and decreases the incentive to exhaust first." *Id.* (citing *Rhines,* 544 U.S. at 277; *Lundy,* 455 U.S. at 519).

After considering the policy underpinnings of *Rhines,* the fact that the Court is not presented with a "mixed petition," and that Petitioner was convicted only five months ago (thereby presenting no real risk that the AEDPA limitations period would present an impediment to filing a future petition), the undersigned concludes that dismissal without prejudice rather than a stay of proceedings should be ordered. *See Hickman,* 191 F. App'x at 757.

The undersigned notes that Petitioner has filed another motion to appear *in forma pauperis.* ECF No. 20. The motion is **DENIED AS MOOT** in that Petitioner has paid the filing fee. ECF No. 10. It is further noted that Petitioner's girlfriend has written a letter indicating that she has paid a second $5.00 fee. ECF No. 14. **The Clerk of Court is hereby directed to see if two filing fees have indeed been paid. If so, the Clerk of Court is directed to refund the second $5.00 fee to the remitter of record.**

## RECOMMENDATION

Based upon the foregoing, the undersigned recommends that Petitioner's "Petition Under § 2254 for Writ of Habeas Corpus", ECF No. 19, be **DISMISSED**

6

**WITHOUT PREJUDICE** for failure to exhaust available state judicial remedies. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by **August 18, 2014**, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Petitioner further is advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010). The Clerk of the Court is directed to electronically forward a copy of this Report and Recommendation to the Attorney General for the State of Oklahoma on behalf of the Respondent at fhc.docket@oag.state.ok.us.

### STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

**ENTERED** on July 31, 2014.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE